[No. 7151.  Decided September 16, 1908.]

JOHN LEHTONEN, *Appellant*, v. MARYSVILLE WATER AND

POWER COMPANY, *Respondent*.[1]

DEEDS—RESERVATION OF STANDING TIMBER—TIME FOR REMOVAL—
CONSTRUCTION.  Upon the sale of land reserving to the grantor the
standing timber, under a clause requiring its removal within two
years, the timber reverts to the owner of the land if it is not re-
moved within the time fixed; as the clearly expressed intention is
that it be removed within that time.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered November 6, 1907, upon
sustaining a demurrer to the complaint, dismissing an action
for specific performance.  Reversed.

*Padgett & Bell*, for appellant.

*Bell & Austin*, for respondent.

MOUNT, J.—The lower court sustained a general demurrer
to plaintiff's complaint and dismissed the action.  Plaintiff
appeals.

The only question presented here is whether standing tim-
ber, reserved upon the sale of real estate, reverts to the
grantee after the time when the grantor agreed to remove
the timber.  The respondent sold to the appellant a certain
tract of land, but reserved the timber.  The clause reserving
the timber is as follows:

"Also saving and excepting all the timber growing, stand-
ing, or being upon said land, and the party of the first part
reserves and is hereby given two years in which to remove
said timber from said land, and also reserves the right to en-
ter upon, over and across said land for the purpose of re-
moving said timber."

The two-year period expired on August 9, 1907.  The
lower court held that the respondent was entitled to a rea-

[1]Reported in 97 Pac. 292.

sonable time after the 9th day of August, 1907, and after notice, to remove the timber, and for that reason sustained the demurrer. The weight of authority seems to sustain the contention of the appellant that the timber remaining uncut at the expiration of the time fixed by the contract for its removal reverts to the owner of the realty, and becomes a part thereof. Contracts of this character are not uncommon in states producing large quantities of timber, and such states generally hold to the rule stated, as shown by the following cases, which are in point: *Hodges v. Buell*, 134 Mich. 162, 95 N. W. 1078; *Webber v. Proctor*, 89 Me. 404, 36 Atl. 631; *Clark v. Guest*, 54 Ohio St. 298, 43 N. E. 862; *Sanders v. Clark*, 22 Iowa 275; *Golden v. Glock*, 57 Wis. 118, 15 N. W. 12, 46 Am. Rep. 32; *King v. Merriman*, 38 Minn. 47, 35 N. W. 570; *Jackson v. Hardin*, 27 Ky. Law 1110, 87 S. W. 1119; *Saltonstall v. Little*, 90 Pa. St. 422, 35 Am. Rep. 683; *Null v. Elliott*, 52 W. Va. 229, 43 S. E. 173; *Adkins v. Huff*, 58 W. Va. 645, 52 S. E. 773, 3 L. R. A. (N. S.) 649; *Bunch v. Elizabeth City Lumber Co.*, 134 N. C. 116, 46 S. E. 24; *Morgan v. Perkins*, 94 Ga. 353, 21 S. E. 574.

It is said in Vol. 5, Current Law, p. 1491:

"There is an apparent conflict of authority as to whether one purchasing growing timber under a contract limiting the time within which it must be removed loses title to all timber not removed within that time. It would seem, however, that the cases might be reconciled by regarding the question as one of intention to be determined from the terms of the contract itself."

See, also, 25 Cyc. 1551; 28 Am. & Eng. Ency. Law (2d ed.), p. 541.

We think this is the rule which governs this class of contracts, and which controls this case. Whether the reservation of the timber made it, in legal effect, personal property or otherwise, makes no difference. It is immaterial what the theoretical character becomes. The contract of reservation provides that it shall be removed within a given time. If it

was the intention of the parties that the timber might be removed after that time, the limitation means nothing and was misleading. The clear, expressed intention is that the timber shall be removed within the time stated. It follows, of course, that the vendor had no right on the land to sever the timber from the land after the time limit.

We are of the opinion, therefore, that the court erred in sustaining the demurrer. The judgment is reversed, and the cause is remanded with directions to the lower court to overrule the demurrer.

HADLEY, C. J., FULLERTON, and RUDKIN, JJ., concur.