[No. 8428.   Department Two.   January 28, 1910.]

ALLEN & NELSON MILL COMPANY, *Appellant*, v. W. E. VAUGHN *et al.*, *Respondents*.[1]

APPEAL—ORDERS APPEALABLE—FINALITY—STIPULATIONS—RIGHT TO APPEAL. An appeal from an order denying a temporary injunction will not be dismissed where the parties stipulated that it should be considered as a final order for the purposes of the appeal.

LOGS AND LOGGING—TIMBER—SALE—REMOVAL. Where a deed of all standing and lying timber contained an agreement that the grantee shall have three years from and after its date within which to "remove the timber," the grantee's interest ceases as to all timber not removed after that date, which then reverts to the grantor; since the intent of the parties controls the construction irrespective of distinctions between covenants and forfeitures or other technical questions.

Appeal from an order of the superior court for King county, Main, J., entered May 19, 1909, denying an injunction to restrain the removal of timber, in an action to quiet title.   Reversed.

[1]Reported in 106 Pac. 622.

*Edwin H. Flueck* (*Walter G. Loewe*, of counsel), for appellant: Time is of the essence of the contract. *Taylor Brown Timber Co. v. Wolf Creek Coal Co.*, 32 Ky. Law 1015, 107 S. W. 733; *Sanders v. Clark*, 22 Iowa 275. The stipulation as to time for removal operates as a limitation. *Williams v. Flood*, 63 Mich. 487, 30 N. W. 93; *Bunch v. Elizabeth City Lumber Co.*, 134 N. C. 116, 46 S. E. 24; *Hollensteiner v. Missoula Lumber Co.*, 37 Mont. 278, 96 Pac. 420; *Morgan v. Perkins*, 94 Ga. 353, 21 S. E. 574; *King v. Merriman*, 38 Minn. 47, 35 N. W. 570. Equity will follow the plain intention of the parties even though it lead to what may be in the nature of a forfeiture. *Western Lime & Cement Co. v. Copper River Land Co.*, 138 Wis. 404, 120 N. W. 277; *Davis v. Frazier*, 150 N. C. 447, 64 S. E. 200; *St. Louis Cypress Co. v. Thibodaux*, 120 La. 834, 45 South. 742. If the limitation has run the purchasers are trespassers when they go upon the land. *Lehtonen v. Marysville Water & Power Co.*, 50 Wash. 359, 97 Pac. 292; *Williams v. Flood*, 63 Mich. 487, 30 N. W. 93; *Erskine v. Savage*, 96 Me. 57, 51 Atl. 242; *Boults v. Mitchell*, 15 Pa. St. 371, cited in *Mahan v. Clark* (Pa.), 68 Atl. 667. Standing timber upon the expiration of the time limited reverts to the owner of the fee. *Pease v. Gibson*, 6 Me. 81; *Putney v. Day*, 6 N. H. 430; *Preston v. Hill-Wilson Shingle Co.*, 50 Wash. 377, 97 Pac. 293; 28 Am. & Eng. Ency. Law (2d ed.), p. 543; *Carroll Oates etc. Barrel Co. v. Yeargen* (Ky)., 115 S. W. 794; *Jackson v. Hardin*, 27 Ky. Law 1110, 87 S. W. 1119; *Saltonstall v. Little*, 90 Pa. St. 422, 35 Am. Rep. 683; *Hawkins v. Goldsboro Lumber Co.*, 130 N. C. 160, 51 S. E. 852; *Davis v. Frazier, supra; Sanders v. Clark*, 22 Iowa 275; *Howard v. Lincoln*, 13 Me. 122; *Prentiss v. Ross' Estate*, 96 Mich. 83, 55 N. W. 613; *Macomber v. Detroit L. & N. R. Co.*, 108 Mich. 491, 66 N. W. 376, 62 Am. St. 713, 32 L. R. A. 102; *Reed v. Merrifield*, 10 Met. (Mass.) 155; *Morgan v. Perkins*, 94 Ga. 353, 21 S. E. 574; *Rich v. Zeilsdorff*, 22 Wis. 544, 99 Am. Dec.

81; *Clark v. Guest*, 54 Ohio St. 298, 43 N. E. 862; *Haskell v. Ayres*, 32 Mich. 93; *Strasson v. Montgomery*, 32 Wis. 52; *King v. Merriman*, 38 Minn. 47, 35 N. W. 570; *McIntyre v. Barnard*, 1 Sandf. Ch. (N. Y.) 52; *Perkins v. Stockwell*, 131 Mass. 529; *Broussard v. Verret*, 43 La. Ann. 929, 9 South. 905; *Webber v. Proctor*, 89 Me. 404, 36 Atl. 631; *Kellam v. McKinstry*, 69 N. Y. 264; *Richards v. Tozer*, 27 Mich. 451; *Martin v. Gilson*, 37 Wis. 360; *Kemble v. Dresser*, 1 Met. (Mass.) 271, 35 Am. Dec. 364; *French v. Sparrow-Kroll Lumber Co.*, 135 Mich. 424, 97 N. W. 961; *Michigan Iron & Land Co. v. Nester*, 147 Mich. 599, 111 N. W. 177; *Johnson v. Moore*, 28 Mich. 3; *McNeil v. Hall*, 94 N. Y. Supp. 920; *Inderlied v. Whaley*, 20 N. Y. Supp. 183; *Grange v. Palmer*, 10 N. Y. Supp. 201; *Hawkins v. Goldsboro Lumber Co.*, *supra*; *White v. Foster*, 102 Mass. 375; *Dickey v. Gray Lumber Co.*, 127 Ga. 460, 56 S. E. 481; *Hodges v. Buell*, 134 Mich. 162, 95 N. W. 1078; *Noyes v. Goding*, 104 Me. 453, 72 Atl. 181. Timber cut but not removed prior to the expiration of the time limited belongs to the owner of the fee. *St. Louis Cypress Co. v. Thibodaux*, *supra*; *Clark v. Ingram-Day Lumber Co.*, 90 Miss. 479, 43 South. 813; *Midyette v. Grubbs*, 145 N. C. 85, 58 S. E. 795, 13 L. R. A. (N. S.) 278; *Mengal Box Co. v. Moore & McFerrin*, 114 Tenn. 596, 87 S. W. 415; *Ford Lumber & Mfg. Co. v. Cress* (Ky.), 116 S. W. 710; *Beauchamp v. Williams* (Tex. Civ. App.), 115 S. W. 130; *Lodwick Lumber Co. v. Taylor*, 100 Tex. 270, 98 S. W. 238, 123 Am. St. 803; *Id.* (Tex.), 99 S. W. 192; *McRae v. Stillwell*, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513, 524; *McNeil v. Hall*, *supra*; *Hodges v. Buell*, 134 Mich. 162, 95 N. W. 1078; *Boring Lumber Co. v. Boots*, 49 Ore. 569, 90 Pac. 487.

*James McNeny*, for respondents, contended that the title passed to timber cut and severed within the time limit. *Hoit v. Stratton Mills*, 54 N. H. 109, 20 Am. Rep. 119; *Green v. Bennett,* 23 Mich. *464; *Halstead v. Jessup*, 150 Ind. 85, 49

N. E. 821; *Zimmerman Mfg. Co. v. Daffin*, 149 Ala. 380, 42 South. 858, 123 Am. St. 58, 9 L. R. A. (N. S.) 663; *Rawson v. Inhabitants of School District No. 5*, 7 Allen 125, 83 Am. Dec. 670; *Irons v. Webb*, 41 N. J. L. 203, 32 Am. Rep. 193; *Johnson v. Truitt*, 122 Ga. 327, 50 S. E. 135; *Golden v. Glock*, 57 Wis. 118, 46 Am. Rep. 32; *Hicks v. Smith*, 77 Wis. 146, 46 N. W. 133; *Macomber v. Detroit L. & M. R. Co.*, 108 Mich. 491, 66 N. W. 376, 62 Am. St. 713; *Williams v. Flood*, 63 Mich. 487, 30 N. W. 93; *Hodges v. Buell*, 134 Mich. 162, 95 N. W. 1078; *Alexander v. Bauer*, 94 Minn. 174, 102 N. W. 387; *Mahan v. Clark*, 219 Pa. 229, 68 Atl. 667; *Strong v. Eddy*, 40 Vt. 547; *Erskine v. Savage*, 96 Me. 57, 51 Atl. 242; *Pease v. Gibson*, 6 Me. 81; *Plummer v. Reeves*, 83 Ark. 10, 102 S. W. 376. The action is in equity, and equity will not aid or enforce a forfeiture. *Hodges v. Buell, supra; Crane v. Dwyer*, 9 Mich. 350, 80 Am. Dec. 87; *Gallaher v. Herbert*, 117 Ill. 160, 7 N. E. 511; *Douglas v. Union Mutual Life Ins. Co.*, 127 Ill. 101, 20 N. E. 51; *Horsburg v. Baker*, 1 Pet. (U. S.) 232; *Skinner v. Dayton*, 2 Johns. Ch. (N. Y.) 526; *Clark v. Drake*, 3 Pin. (Wis.) 228; *Hall v. Delaplaine*, 5 Wis. 206, 68 Am. Dec. 57.

DUNBAR, J.—This is an action to quiet title to a certain tract of land, and particularly to remove the cloud of a certain timber deed, in which action the plaintiff sought to enjoin the defendants from further removal of timber from said land under said deed or contract. The timber deed was as follows:

"This agreement by and between Charles Smith & Elizabeth Smith, his wife, parties of the first part and W. E. Vaughn and Sons parties of the second part, witnesseth:

"That for and in consideration of the sum of $2,000 cash in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, the parties of the first part do hereby sell, convey and warrant to said parties of the second part all the timber of every kind and description standing, lying or being upon the following described

real estate situated in King county, state of Washington and particularly described as follows, to wit: The E½ of the SW ¼ and the W ½ of the SE¼ of section 14 township 24 north range 6 East. It is further agreed that said parties of the second part may construct, maintain and use all logging roads and skid roads which said parties of the second part may deem necessary or convenient upon or across said land at any time within ten years after the date of this agreement. It is further agreed that said parties of the second part shall have three years from and after the date hereof within which to remove said timber. It is further agreed that all the terms and conditions of this agreement shall be binding upon the parties thereto and their and each of their heirs, executors and administrators.

"Witness our hands and seals this 24th day of April, A. D. 1906.                 Chas. Smith        (Seal)
                       "Elizabeth Smith     (Seal)"

This deed was duly signed and acknowledged. All the timber not having been removed at the expiration of the time mentioned in the deed, defendants were cited to appear on the 7th day of May, 1909, to show cause why a temporary injunction pending the hearing on the merits should not issue restraining them from further removal of the timber cut or standing upon said premises. On May 19, 1909, the superior court of King county held that, under the contract above set forth, the title to the timber standing on the land upon the expiration of the time mentioned, to wit, the 24th day of April, 1909, reverted immediately after said date to the plaintiff, and that the title to the timber cut from said land, but still remaining on the same, was left in the purchaser, and an order was made to the effect that the purchasers, and any one claiming under them, should be restrained from further cutting of timber, that the temporary order in relation to further hauling of timber which had already been cut should be dissolved, and an injunction as to that class of timber denied. It was stipulated that the order be treated as a final order for the purposes of appeal.

The respondents have moved to dismiss this appeal, but

in consideration of the stipulations entered into between appellant and respondents, the motion will be denied.

It will be seen that the point of controversy in this case involves the construction of the deed, and especially that portion providing for the removal of the timber within three years. It appears from an affidavit in the case that the provision of the deed in relation to the construction and maintaining of a logging road across the land had reference to the permission of a right of way for hauling other timber not upon the land in question, and this must necessarily have been the theory of the contractors; otherwise it would have been in plain contradiction of the other provision of the contract in relation to removal of timber. The attorneys in this action have, with great industry and research, presented an array of authorities on this subject an examination of which shows that the courts are lamentably divided, so that it would be profitless to enter upon a detailed examination and analysis of the many different cases cited.

Our own view is that this contract should be construed as any other contract for the purpose of ascertaining what was intended by the contracting parties, and in so construing it we conclude that it was the intention of the parties that the purchaser should have the three years specified for a removal of the timber whether standing or lying down, and that at the expiration of that time his interest in the timber should cease, and that the title to the timber would then be in the person owning the land. What possible interest would the seller have in the date when the timber should be cut down, if there was to be no limit on the time of its removal from the land? That would be a matter which would be of interest only to the buyer, and concerning which he would not be likely to counsel or contract with the seller. In many of the contracts which have been construed by the courts, the language is "cut and remove," but it is evident that the main consideration, even in those cases, is the removal. Just how the removal is to be effected is not of interest to the seller.

The great desideratum to him is the recovery of the possession of his land at the time specified. A man might reasonably be willing to sell timber on land at a certain price if the unobstructed possession of the land were assured to him in three years, when he would demand a greater price, or perhaps refuse to sell at all, if he could not regain the premises for five years or for some longer period. He is not in any way benefited by cutting the timber down and cumbering the ground with fallen trees. So far as his use of the ground is concerned the trees had better be left standing.

Some of the courts, driven to assign reasons to support an unreasonable construction, have advanced the idea that the seller has no just cause for complaint, and cannot be injured, even if he cannot obtain possession of his land after the trees are cut down, because his land is no longer being exhausted by furnishing sustenance to a living tree. But, in addition to the fact that most trees return to the soil as much as they take from it, and that many varieties of trees obtain their sustenance principally from the atmosphere and, like leguminous plants that extract nitrogen from the air and store it in the ground in the shape of nitrogen nodules, their growth benefits instead of exhausts the soil, these theories are too fine spun to receive consideration in the common-sense construction of a practical contract. Many of the cases are also based upon the conclusion that a provision of this kind is a covenant rather than a forfeiture, but this is dealing with definitions rather than principles, for the carrying out of covenants sometimes necessarily works a forfeiture. Neither is it profitable to enter into a discussion of technical distinctions between real estate and personal property. Such distinctions tend to lead away from the essential idea, viz., what was the intention of the parties to the contract under consideration. Of course, it is elementary that forfeitures are not favored, but when the contract executed by the parties, either by express provision or by necessary implication, provides for a forfeiture, it will be enforced.

All of these technical questions have been determined by this court in *Lehtonen v. Marysville Water & Power Co.,* 50 Wash. 359, 97 Pac. 292; and while in that case it was only standing timber that was in question, the technical question of what constitutes a forfeiture, the character of the property, etc., and the construction of the agreement in its essential particulars, were the same as are involved here. In that case the respondent sold to the appellant a certain tract of land, but reserved to the grantor the standing timber under a clause requiring. its removal within two years, and it was held that the timber reverted to the owner of the land if it was not removed within the time fixed. There it was said:

"Whether the reservation of the timber made it, in legal effect, personal property or otherwise, makes no difference. It is immaterial what the theoretical character becomes. The contract of reservation provides that it shall be removed within a given time. If it was the intention of the parties that the timber might be removed after that time, the limitation means nothing and was misleading."

The case at issue is a stronger case than most of the cases reported, for the question of cutting is eliminated. The contract is that the timber shall be removed and, as was said in the case just quoted, "if it was the intention of the parties that the timber might be removed after that time, the limitation means nothing and was misleading." The condition of the timber as to its being standing or fallen does not affect the meaning of the word. All of the provisions of this contract must be construed together, and when the provision with relation to the time of removal is construed in connection with the last provision, viz., that it is further agreed that "all the terms and conditions of this agreement shall be binding upon the parties thereto," certainly the respondent cannot escape the important provision providing the time within which he is permitted to remove the timber. He knew that, under the plain provisions of his contract—and it is difficult to see how it could be made plainer—he had three years from the date of the contract in which to remove the

timber.  His action in cutting more timber than he could or would remove in that time was an evasion of both the letter and spirit of his contract, and he must suffer the consequences of his own failure to comply with the contract. This construction also does away with the illogical holding of some of the courts that, notwithstanding the fact that the contract must be construed as preventing the removal within the time specified, yet the purchaser has a right to the property even though asserting dominion over the property places him in the role of a trespasser.

The judgment will be reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

RUDKIN, C. J., MOUNT, PARKER, and CROW, JJ., concur.