[No. 8384.  Department Two.  March 28, 1910.]

JOHN LEHTONEN, *Respondent*, v. MARYSVILLE WATER AND POWER COMPANY, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACTS—RESERVATION OF TIMBER—
TIME FOR REMOVAL—EXTENSION—EVIDENCE—SUFFICIENCY.  There is
not sufficient evidence of an oral extension, of the time reserved
within which to remove timber from land sold by the plaintiff to
defendant, where plaintiff could not testify that the defendant made
any further reply than to say "yes" or nod his head when asked
for the extension, leaving an impression that it would be satisfactory,
and defendant denied granting any extension.

SAME—EVIDENCE OF EXTENSION—ADMISSIBILITY.  Upon an issue
as to whether an extension of time had been granted for the removal
of timber, evidence as to what the party would have done to protect
his interest if the extension had been refused is properly excluded
as immaterial.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered April 27, 1909, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action in tort.  Af-
firmed.

*Bell, Anderson & McLaren*, for appellant.

*Padgett & Bell*, for respondent.

PER CURIAM.—The plaintiff seeks to recover damages from
the defendant on account of timber cut and removed by it
from land in Snohomish county belonging to the plaintiff.
The cause was tried by the court without a jury, resulting in
findings and judgment against the defendant, from which it
has appealed.

The facts found by the trial court, so far as neces-
sary for us to notice, are in substance as follows:  On August
9, 1905, the appellant, being then the owner of the land upon
which the timber in question was situated, entered into a

[1]Reported in 107 Pac. 878.

contract for the sale of the land to the respondent, the purchase price being payable in several installments, the last of which became due August 9, 1907. The contract of sale contained the following:

"Excepting all of the timber lying, standing or being upon said land; and the party of the first part reserves, and is hereby given 2 years in which to remove said timber from said land; and also reserves the right to enter upon, over and across said land for the purpose of removing said timber."

On August 9, 1907, the respondent, having tendered the balance of the purchase price then due, became entitled to a deed to the land under the terms of the contract. The respondent did not grant to appellant any additional time for the removal of the timber from the land. After August 9, 1907, the appellant severed and removed from the land, 225,000 feet of timber, which was of the total value of $787.50, for which sum the judgment was rendered.

It is contended by learned counsel for appellant that respondent had granted to appellant an extension of time beyond August 9, 1907, to remove the timber from the land, and that the court erred in finding to the contrary. The extension of time is claimed by appellant to have been orally given in May or June, 1907, in a conversation between respondent and the president of appellant, relative to which the latter testified upon direct examination as follows:

"Q. Go ahead and tell the court what happened as to the matter of extension of time on your timber contract with Mr. Lehtonen. A. Well, it was in May or June that I wrote Mr. Lehtonen that I wanted to see him about the matter and he came to Bell's office. Q. That was in 1907? A. That was in 1907, and I told him that we might not be able to take this timber off within the time limited by the contract and that we might require a month or two to complete the removal of the timber. . . . That Mr. Williams, to whom we had let the contract for logging the land, had had a strike and his men had quit on him and they had had some dissolution of partnership there, been a delay and he told me it might be impossible for him to remove the timber within the time, and

Mr. Lehtonen by his talk and actions at the time left the impression with me that such an extension was all right, perfectly agreeable. Q. Made no objection to it? A. He certainly made no objections. . . . Q. Did you rely upon this consent? A. I relied upon this extension of time. . . "

And on cross-examination he testified as follows:

"Q. Now just what did John Lehtonen say: A. Well, John —I said— The statement I made to John was that we probably would not have time to remove this, or Williams would not, and Mr. Lehtonen either said 'Yes,' or remained silent; I wouldn't be positive as to that, but he, at least, left the impression, by either nodding his head or saying 'Yes,' to me, that it was satisfactory. Q. I asked you what he said. I don't ask you what impression he left. I asked you what he said. A. Well, I wouldn't swear positively what he said. I don't remember just what he said. Q. You wouldn't swear that he said anything, would you? A. Well, I wouldn't swear that he said anything. If he said anything, he certainly said 'Yes,' and I am of the impression that he said 'Yes.' Q. All you know is, if he did say anything he said 'Yes'? A. I think he either said 'Yes' or nodded his head, just enough to give me the impression it was satisfactory to him. Q. And all you remember about it is that you got an impression? A. Yes, I am quite positive. Q. You don't know whether he said a word? A. I wouldn't swear positively that he said a word."

This is the substance of the entire testimony tending to show there was an extension of time, so far as we regard the testimony material to that question. The respondent testified "I never gave any extension at all," though he admitted there may have been some talk about extension. We think the court was fully justified in finding that there had been no extension of time given for the removal of the timber. Even treating the testimony of the president as undenied, we do not think an extension of time is shown with such degree of certainty as would justify a finding to that effect. It is plain from our decision in this case when it was here on demurrer, *Lehtonen v. Marysville Water & Power Co.*, 50 Wash. 359, 97 Pac. 292, that appellant's right to the timber

remaining upon the land on August 9, 1907, terminated upon that day under the contract of purchase, and no further right could be claimed thereto by appellant except by a new agreement with the respondent extending the time for removal.

Error is claimed upon the court's refusal to permit the president of appellant to answer the following question: "If he had made any objections at this time [meaning conversation in May or June, 1907] to granting the extension, what steps could you have taken and would you have taken toward protecting your right in the timber uncut." We think there was no error in excluding testimony upon that subject. It would throw no light upon the question of whether or not there had been an extension of time.

We are clearly of the opinion that the learned trial court correctly determined the rights of the parties. The judgment is affirmed.