[No. 8766.   Department Two.   June 24, 1910.]

JAMES B. BELCHER *et al.*, *Respondents*, v. JOHN W. KLEEB *et al.*, *Appellants.*[1]

LOGS AND LOGGING—SALE OF STANDING TIMBER—REMOVAL. Under a deed of standing timber "to be cut and removed within two years from the date hereof" the grantee has no right to remove the timber after the expiration of the time fixed.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered September 23, 1909, upon findings in favor of the plaintiffs, after a trial on the merits, in an action for an injunction. Affirmed.

[1]Reported in 109 Pac. 798.

*Chas. E. Miller,* for appellants.

*Welsh & Welsh,* for respondents.

PER CURIAM.—This action was brought to restrain the defendants from cutting and removing timber from certain real estate, and to quiet title. Judgment was entered as prayed for in the complaint. The defendants have appealed.

It appears that, on August 18, 1906, the appellant John W. Kleeb purchased "all the merchantable timber standing, being, and lying" upon the lands in controversy. The timber was conveyed by deed, which recited that it was "to be cut and removed within two years from the date hereof." The timber was not cut within the two years, and no effort was made to remove any of it until June 1, 1909. This action was thereupon brought to restrain the removal of the timber. All the questions raised in this case were presented and decided by this court in *Lehtonen v. Marysville Water & Power Co.,* 50 Wash. 359, 97 Pac. 292, and in *Allen & Nelson Mill Co. v. Vaughn,* 57 Wash. 163, 106 Pac. 622. We are satisfied with the rule stated in those cases. This case cannot be distinguished from those.

The judgment appealed from is therefore affirmed.