[No. 19504. Department Two. November 23, 1925.]

JOHN KUPKA, *Respondent*, v. DAN SANDERS *et al.,*
*Appellants.*[1]

FRAUDS, STATUTE OF (17)—CONTRACTS RELATING TO REAL PROP-
ERTY—SALE OF TIMBER. Where timber has been felled by the pur-
chaser, it is personal property, and the seller's approval of a resale
to another, and also his contract extending the time for its removal
from the land, do not relate to real property and are not within
the statute of frauds.

EVIDENCE (172)—PAROL EVIDENCE TO VARY WRITING—SUBSEQUENT
AGREEMENT—ORAL MODIFICATION. While a written contract may
not be varied by parol evidence, it may be modified by a subsequent
oral agreement, waiving or extending the time for performance.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered February 21, 1925,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Affirmed.

*Bates & Peterson,* for appellants.

*Leo Teats* and *Ralph Teats,* for respondent.

MACKINTOSH, J.—As we read the statement of facts,
they confirm the findings made by the superior court
to the effect that, on June 2, 1922, the appellant Sanders
was the owner of standing timber located in Pierce
county, and that, on that day, Sanders sold the timber
to one Garbrick; that this sale was made by a written
instrument in which no time is set for the removal of
the timber; that the respondent, prior to December 10,
1923, purchased the timber from Garbrick; that San-
ders knew of this sale and approved of it; and that,
prior to December 10, 1923, the respondent had gone
upon the premises and felled all of the timber and
bucked it into saw logs; that, on December 10, 1923,
Sanders extended the time of the removal to the 10th

[1]Reported in 240 Pac. 905.

day of June, 1924; that this extension was evidenced
by a writing and was made upon a consideration of the
sum of $100 which the respondent paid to Sanders;
that, during December, 1923, and the year 1924 up to
and including the month of May, the respondent was
prevented by the county commissioners of Pierce
county from removing the timber over the county
road adjacent thereto, though the respondent con-
stantly sought permission to use the road for the
hauling of the timber; that, on June 10, 1924, the re-
spondent went to Sanders for the purpose of obtain-
ing a further extension of time for the removal of the
timber; that Sanders agreed to extend the time sixty
days in consideration of $100, to be paid by the re-
spondent at the time he should remove the timber; that
on June 12, 1924, without notifying respondent, Sanders
sold all the timber to the appellants Skjelkvale and
Waltenberg, who, on June 14, 1924, sold the timber
to appellant Inglis, who removed the timber from San-
der's land; that, prior to June 10, 1924, the respond-
ent had all but closed a deal for the sale of the timber
to the appellant Inglis; that the respondent was the
owner of the timber and that the appellants converted
it to their own use.

From these findings, the court concluded that the
respondent was entitled to judgment for the value of
the timber. From the judgment based upon these find-
ings and conclusions in favor of the respondent, the
appellants have prosecuted this appeal.

The major portion of appellants' argument is di-
rected to the point that the oral extension of June 10,
1924, was invalid for the reason that it violates the
statute of frauds, the claim being that the contract was
originally for the sale of standing timber, which, under
the statute of frauds, must be in writing, and that any
contract modifying it must also be in writing. *McInnis*

*v. Watson,* 116 Wash. 680, 200 Pac. 578; *Allen & Nelson Mill Co. v. Vaughn,* 57 Wash. 163, 106 Pac. 622.

As we view the facts, however, in this case the statute of frauds is not involved. The contract of December 10, 1923, between the respondent and Sanders was, at the time it was made, a contract relating to timber which had already been cut, and therefore involved no interest in real property, as timber severed from the land is personal property; and there was no necessity, therefore, of this contract having been in writing. The contract of June 10, 1924, was, also, a contract which did not relate to real property and the necessity for a writing, in order to satisfy the requirements of the statute of frauds, did not exist. It was a contract relating to personal property, based upon a valuable consideration, and gave the right to the respondent to remove the timber within sixty days from the date that it was entered into; and under it the appellants had no right during that time to take possession of the respondent's property and convert it to their own use. If, however, the view is taken that the contract of June 10, 1924, was but a modification of the December 10, 1923, contract, still the latter contract was perfectly valid, though oral.

This court in *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 1026, has said:

"It is true, a written agreement may not be varied by contemporaneous oral agreements alleged to have been made at the same time. . . . But this does not preclude a modification thereof orally, made at a subsequent time when the parties may, by new agreement, mutually assent to such modification."

The opinion then quotes with approval the following from 1 Beach, Modern Law of Contracts, § 781:

"The time of performance of a written contract may be waived as well as extended by parol."

Therefore, under either view that may be taken of the nature of the contract of June 10, 1924, it is without the operation of the statute of frauds, and the superior court was correct in sustaining its validity and in concluding that the respondent is entitled to the value of the personal property wrongfully converted.

The judgment is therefore affirmed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.