MARTHA E. SHORT, *Appellant,* v. W. E. SHORT, *Respondent.*[1]

*F. B. Sharpstein* and *Lehrer & Marquis,* for appellant.

*W. G. Coleman,* for respondent.

MAIN, J.—This action involves a contest over the proceeds of a crop of potatoes after forfeiture of a real estate contract. There is little, if any, dispute in the evidence as to the material facts.

October 31, 1921, Adelaide T. Short, being the owner of certain real estate in Walla Walla county, entered

[1]Reported in 40 P. (2d) 752.

into a contract by which the same was sold to W. E. Short. The contract contained the usual forfeiture clause. December 19, 1930, Adelaide T. Short, the vendor, deeded the property covered by the contract to Martha E. Short. Thereafter, W. E. Short, the purchaser, defaulted in a payment of the taxes and interest which he was obligated to pay by the terms of the contract. September 27, 1932, Martha E. Short notified W. E. Short and his wife that, unless the defaults were cured, she would elect to forfeit the contract according to its terms, and on October 15, 1932, did so elect.

February 23, 1933, Martha E. Short instituted an action against W. E. Short and Theresa Short, his wife, as defendants in the superior court of Walla Walla county, to forfeit the contract of sale and all rights of the defendants in the property covered thereby. After this action was instituted, and during the latter part of February and the early part of April, 1933, W. E. Short planted twenty-five acres of the land covered by the contract to potatoes. The action for forfeiture in due time came on for trial, and June 5, 1933, a judgment was entered in that action quieting the title to the property covered by the real estate contract in Martha E. Short, and reciting that she should be let into immediate possession of the property, and if the defendant should fail or refuse, for a period of five days from the date of the judgment, to surrender possession of the lands and premises, upon application, a writ of assistance or restitution would issue. No appeal was taken from that judgment.

The possession of the premises not having been surrendered by W. E. Short and wife, Martha E. Short, on June 24, 1933, filed a petition asking for a writ of assistance by which she would be put into possession of the land. The issuance of the writ was opposed by

W. E. Short and wife; and June 30, 1933, after a hearing upon the application, an order was entered granting the petition for a writ of assistance, and providing that such writ would issue "at any time after July 5, 1933," whenever request was made therefor.

July 3, 1933, W. E. Short dug eight sacks of potatoes, which though not fully matured, had reached a state of maturity which made them marketable as early potatoes. W. E. Short had arranged for equipment for digging and harvesting the potatoes, and was prepared to complete the digging and harvesting prior to the time that a writ of assistance could issue under the order of June 30, 1933.

July 3, 1933, Martha E. Short began an action in which she sought injunctive relief which would prohibit W. E. Short from digging and harvesting the potatoes. A temporary restraining order was issued and served on that day, and the hearing thereon was continued from time to time. Before any hearing was had upon the restraining order, a stipulation was entered into between the parties providing that W. E. Short could harvest and market the potatoes under this stipulation and deposit the net proceeds with the clerk of the court, such proceeds to stand in lieu of the potato crop and be subject to the order of the court after a trial to determine who was entitled thereto. Under this stipulation, potatoes were dug and disposed of, and the net proceeds in the sum of $2,005.41 were paid into the registry of the court. W. E. Short and his wife remained in possession of the premises until sometime later.

The trial of the action, which occurred subsequent to the time the potatoes had been harvested and sold and W. E. Short and wife had vacated the premises, resulted in a judgment dissolving the restraining order and awarding the proceeds of the potato crop,

then on deposit with the clerk of the court, to W. E. Short. From this judgment, Mary E. Short appeals.

 The question is which of the parties was entitled to the proceeds of the potato crop. Crops, whether unripe or matured, so long as there has not been a severance, actual or constructive, are the property of the owner of the land. *Woody v. Wagner,* 89 Wash. 429, 154 Pac. 819. In the case now before us, from the facts stated, it appears that, at the time the restraining order was served, there had not been either a constructive severance or a harvesting of potatoes. The occupier of land is the owner of all crops harvested during the term of his occupancy, whether the occupant be a purchaser in possession, a tenant in possession, or a mere trespasser in possession holding adversely. *Churchill v. Ackerman,* 22 Wash. 227, 60 Pac. 406; *Lynch v. Sprague Roller Mills,* 51 Wash. 535, 99 Pac. 578. Under that rule, if the respondent W. E. Short had harvested the potatoes prior to the service of the restraining order, they would have been his property and he would have been entitled to the proceeds therefrom.

 There is another rule equally well settled as the one just stated, which is that a crop, sown or grown by one in possession of land wrongfully, as long as it remains unsevered, belongs to the owner of the land. *Fuglede v. Wenatchee Dist. Co-Op. Ass'n,* 134 Wash. 350, 235 Pac. 790, 39 A. L. R. 953. In this case, the potatoes not having been dug, there was no severance at the time the restraining order was issued and served. The title to the potatoes being in the appellant Martha E. Short at the time the restraining order was issued and served, it follows that, if she had a right to such an order, the proceeds of the crop would belong to her. Since the potatoes were not dug at the time the restraining order was issued, and the

property right therein was in the appellant, she had a right to injunctive relief prohibiting the respondent, who was wrongfully in possession and who at that time had no title to the potatoes undug, from digging the same. *Belcher v. Kleeb,* 59 Wash. 166, 109 Pac. 798; *Allen & Nelson Mill Co. v. Vaugh,* 57 Wash. 163, 106 Pac. 622, and *Wadge v. Kittleson,* 12 N. D. 452, 97 N. W. 856.

The order of the court of June 30, 1933, which provided that a writ of assistance should not issue until after July 5, 1933, in no wise modified the previous judgment in which the title of the appellant in the property was quieted and her right to possession was decreed. A writ of assistance is a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which has previously been adjudicated, and the only question on the application for such a writ is whether the decree has or has not been complied with. 2 R. C. L. pp. 726 and 739.

It is true that the appellant resided a short distance from the land occupied by the respondent and his wife, and that some negotiations had taken place between them with reference to an adjustment or settlement, but we find nothing in the evidence which would justify the conclusion that the appellant is estopped from asserting her legal right to the potato crop, since it was not harvested prior to the time that the restraining order was issued and served. The fact that the crop was harvested subsequently under a stipulation is not here material, because that stipulation did not purport to limit or qualify any right that either of the parties had to the crop of potatoes. The title and property in the potatoes being in the appellant, they not having been harvested or dug at the time the restraining order was issued and served,

and the appellant having a right to such injunctive relief, it follows that the appellant, Martha E. Short, was entitled to the proceeds of the crop.

The judgment will be reversed and the cause remanded with directions to the superior court to enter a judgment as herein indicated.

MILLARD, C. J., BEALS, BLAKE, and TOLMAN, JJ., concur.