[No. 29510. Department One. February 16, 1945.]

LONG ISLAND OYSTER COMPANY, *Respondent,* v. EAGLE OYS-
TER PACKING COMPANY *et al, Appellants.*[1]

*John J. Langenbach* (*Clark M. Burkheimer,* of counsel),
for appellants.

*John T. Welsh,* for respondent.

MILLARD, J.—Plaintiff, a domestic corporation, owned
oyster lands in Pacific county described as "oyster bed
D-16," a portion of which plaintiff leased to the Eagle Oyster
Packing Company, a domestic corporation, April 1, 1941,
for a term of two years, under the terms of which lease the
lessor had the right to remove its oysters from the leased
oyster bed at any time prior to September 1, 1941. In the
spring of 1942, the lessee sold its lease to North Star, Inc.,
another domestic corporation.

[1] Reported in 156 P. (2d) 222.

Plaintiff brought this action against its lessee and the assignee of lessee to recover the value of seven hundred bushels of oysters alleged to have been unlawfully removed from the leased premises by defendants, and to recover for 4,670 bushels of oysters unlawfully removed by defendants from another portion of plaintiff's oyster bed, which was never leased to either of defendants. The cause was tried to the court, which made findings which are summarized as follows:

Plaintiff, whose principal place of business is at South Bend, Washington, owned certain oyster lands in Pacific county described as "oyster bed D-16," on which prior to April 1, 1941, there were many thousands of bushels of oysters growing, all of which oysters were owned by plaintiff. April 1, 1941, plaintiff entered into a written contract, under the terms of which a portion of the oyster land of plaintiff was leased for a term of two years, expiring April 1, 1943, to Eagle Oyster Packing Company for the purpose of raising, growing, and propagating oysters and removing same to the lessor's satisfaction by date of expiration of termination of the lease. The lease agreement further provided that stock left on the oyster beds after expiration of lease became the property of the lessor. It was further understood and agreed

". . . that there are oysters now on said ground owned by the Long Island Oyster Company and said Company has the right to remove said oysters at any time before September 1, 1941, but so as not to interfere with the planting rights of second party."

The lessee was further obligated not to let or underlet the whole or any part of the leased premises, nor to assign the lease or any part thereof without the written consent of the lessor. Pursuant to the terms and conditions of the lease, the Eagle Oyster Packing Company paid the rental for two years, went into possession of the leased land, and remained in possession of the premises until the expiration date of the lease.

The manager and owners of the lessee company were required by the Federal government, because of the war with

Japan, to evacuate from this state in June, 1942, at which time lessee sold to North Star, Inc., the oysters and all oysters at various stages of propagation and development to which the Eagle Oyster Packing Company was entitled under the lease.

The court also found that neither of the defendants planted any oyster seed on that portion of oyster bed D-16 which was not covered by the lease, but the lessee did place strings to catch oyster seed on a portion of the land covered by the lease. In June, 1942, defendants removed at least seven hundred bushels of oysters off of the leased land and at least 4,670 bushels off of a part of oyster bed D-16 which was never leased to either of the defendants.

Plaintiff did not remove its oysters from the leased land prior to September 1, 1941, but the court found plaintiff did not agree that any oysters not removed from the leased land prior to the date stipulated would become the property of the lessee; therefore, the court found (this is a conclusion) that the oysters belonging to plaintiff on the leased land and which were not removed by it prior to September 1, 1941, were unlawfully removed by defendants from the leased land. The market value of the oysters removed by defendants in June, 1942, from the leased and the unleased land of plaintiff was fifty cents a bushel on the bed or ground at the time and place of the removal of the oysters.

The court concluded that plaintiff was entitled to a judgment against defendants for seven hundred bushels of oysters of the value of $350 taken from the leased premises, and to judgment in the amount of $2,335, the market value of 4,670 bushels unlawfully removed by defendants from the unleased portion of plaintiff's oyster bed. Judgment was entered in favor of plaintiff against defendants in the amount of $2,685. Defendants appealed.

The evidence is clear that appellant lessee was engaged in raising, growing, and propagating oysters on that portion of the oyster bed leased by respondent to Eagle Oyster Packing Company. Respondent admits that it did not remove its oysters from the leased land prior to September 1,

1941, but insists that its failure to remove the oysters, as provided in the lease, prior to September 1, 1941, did not forfeit respondent's title to those oysters and vest title thereto in the lessee.

It is true, as argued by respondent, that the owner of land may, in parting with the use of it to another, make such conditions and reservations in relation to the products from the land as he chooses instead of parting with the full right to the products from such land; and that, when such reservation or exception is made, the title to such products does not pass to the purchaser or lessee.

An analogous authority is *Lehtonen v. Marysville Water & Power Co.*, 50 Wash. 359, 97 Pac. 292, in which we held that standing timber reserved upon the sale of real estate reverts to the grantee after the time when the grantor agreed to remove the timber. We recognized the fact that the authorities were in conflict on the question whether the purchaser of growing timber under a contract limiting the time within which it must be removed, lost title to all timber not removed within that time. We stated that it would seem that the cases might be reconciled by regarding the question as one of intention to be determined from the terms of the contract itself.

That is the rule we announce as governing the contract in the case at bar. It is not material what the theoretical character of the reserved oysters became under the agreement of the lessor to remove same prior to September 1, 1941. The contract of reservation provided for removal of the oysters within a given time. If it, as stated in *Lehtonen v. Marysville Water & Power Co., supra,* had been the intention of the lessor and lessee that the oysters might be removed after September 1, 1941, the limitation means nothing. The clearly expressed intention is that the oysters of respondent shall be removed within the time stated. It follows logically that respondent had no right to remove the oysters after the time limit and when the lease was in effect. The removal of oysters by appellants during the existence of the lease and after September 1, 1941, was not unlawful.

The argument of counsel for respondent that forfeitures are not favored at law, that oysters are personal property, that oysters are not an annual crop, etc., is answered in the following language from the opinion in *Allen & Nelson Mill Co. v. Vaughn,* 57 Wash. 163, 106 Pac. 622:

"Many of the cases are also based upon the conclusion that a provision of this kind is a covenant rather than a forfeiture, but this is dealing with definitions rather than principles, for the carrying out of covenants sometimes necessarily works a forfeiture. Neither is it profitable to enter into a discussion of technical distinctions. . . . Such distinctions tend to lead away from the essential idea, viz., what was the intention of the parties to the contract under consideration. Of course, it is elementary that forfeitures are not favored, but when the contract executed by the parties, either by express provision or by necessary implication, provides for a forfeiture, it will be enforced."

The leasing contract is that the oysters shall be removed before September 1, 1941. If it had been the intention of the parties that the oysters might be removed after that time, the limitation is misleading.

Under the contract, the lessee acquired the right to take the oysters, except as limited by the reservation which expired by its terms September 1, 1941; and thereafter the contract stood as if there had been no reservation. If the lessor had entered the premises thereafter and prior to the expiration of the two-year term of the lease, the lessor would have been a trespasser. The lessee had the exclusive right to take the oysters after September 1, 1941, until the expiration of the lease from the leased property.

The trial court found that appellants removed 4,670 bushels of oysters from the unleased portion of respondent's oyster bed, and at the time of removal those oysters were worth fifty cents a bushel, or a total of $2,335. Unless that finding is contrary to the preponderance of the evidence, we may not disturb it.

It fairly appears from the evidence that appellants removed the amount of oysters stated, and that those oysters were taken from lands of respondent which were never leased to appellants. There is evidence that the oysters re-

moved were of the value of from ten cents to one dollar a bushel at the time of removal from respondent's oyster bed. We cannot say that the trial court erred in accepting the valuation of fifty cents a bushel which some of the witnesses testified was a fair price for the oysters converted.

Respondent is not entitled to recovery for the oysters removed by appellants from the leased land, but is entitled to the award of $2,335 for oysters removed by appellants from the unleased land. The judgment is modified accordingly. Appellants will recover costs in this court.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

March 21, 1945. Petition for rehearing denied.