[No. 35298.   Department Two.   September 8, 1960.]

J. H. LEUTHOLD et al., as Trustees, Respondent, v. GUY DAVIS et al., Appellants.[1]

[1]Reported in 355 P. (2d) 6.

*Joseph P. Delay* and *Phillip P. Skok*, for appellants.

*Witherspoon, Kelley, Davenport & Toole* (*E. Glenn Harmon*, of counsel), for respondent.

FOSTER, J.—Respondent, Deer Park Timber Trust, sued to quiet title to its timber on appellants' land. Both parties moved for summary judgment. Defendants appeal from a summary judgment quieting title to the timber in the respondent.

Prior to January 24, 1929, Deer Park Lumber Company, one of respondent's predecessors in interest, owned the property in question in fee. On that date, Deer Park conveyed to its land sales subsidiary, Gordon Sales Company, a number of parcels of land including the one in question. The recorded warranty deed reserved the timber to the Deer Park Lumber Company in the following language:

"All trees and timber, standing or lying, on the lands herein described are reserved by and for the party of the first part, together with the right to enter upon said lands and to cut and remove said trees and timber at any time that shall be convenient to the party of the first part. . . ."

Subsequently, Deer Park had the timber assessed separately from the land as personal property, pursuant to Laws of 1925, Ex. Ses., chapter 130, §§ 4 and 5, p. 228; Rem. Rev. Stat., § 11109 (*cf.* RCW 84.04.080). The personal property taxes on the timber from 1929 through the present, have been paid by Deer Park Lumber Company, or its successors in interest, North Columbia Company, and the respondents herein.

The 1929 purchaser, Gordon Sales Company, did not pay the real-estate taxes and, in 1936, Stevens county obtained title to the land in question by tax foreclosure. The timber, which belonged to respondent's predecessors in interest, and upon which all personal property taxes had been paid, was not mentioned in the foreclosure proceeding.

On September 5, 1941, the land was bought by appellants Davis from Stevens county at a tax title sale. The treasurer's deed conveying to the Davises erroneously failed to except the timber, or to mention that the timber was personal property owned separately from the real estate.

Nevertheless, appellants Davis thereafter claimed ownership of both the land and the timber together in fee. There is some dispute as to when respondent or its predecessor in interest learned of this claim, but the trial court properly held that this dispute of fact as to time is immaterial to the disposition of the case. The North Columbia Company disputed appellants' claim and requested action by Stevens county, which request was refused. In 1944, respondent's predecessor in interest recorded a notice of ownership of the timber in the county auditor's office. Thereafter, when employees of respondent's predecessor attempted logging operations, they were forcibly restrained by appellants. Negotiations to settle the dispute as to ownership of the timber were attempted, but failed.

In 1954, appellants Davis contracted to sell the timber to defendants Mikalson. When Mikalson started to log the timber, respondent sued to quiet its title to the timber.

Appellants' assignments of error reduce to the following contention:

"It is, therefore, submitted that the respondents do not have a perpetual right to log the timber in question but only a reasonable time in which to do so and that a reasonable time has elapsed under the circumstances."

But the trial court held, and we agree, that the premise of appellants' argument is incorrect. The entire argument must, therefore, fall. The reservation contained in the original deed from Deer Park Lumber Company to Gordon Sales Company in 1929 was a perpetual reservation of the timber. In other words, the Deer Park Lumber Company never parted with title to the standing timber.

By an unbroken line of decisions, the law is that, when an owner sells timber and conveys the same by deed, commonly called "cutting rights," if the conveyance fixes a time within which the timber must be removed, and the

timber is not removed within such period, the ownership of the timber reverts to the grantor. *Elmonte Investment Co. v. Schafer Bros. Logging Co.*, 192 Wash. 1, 72 P. (2d) 311; *Belcher v. Kleeb*, 59 Wash. 166, 109 Pac. 798; *Lehtonen v. Marysville Water & Power Co.*, 58 Wash. 86, 107 Pac. 878; *Allen & Nelson Mill Co. v. Vaughn*, 57 Wash. 163, 106 Pac. 622. If no time is specified in the deed or reservation, a reasonable time for removal is implied in the light of the surrounding circumstances; if the timber is not seasonably removed, the timber will revert and the grantee will lose his cutting rights. *Nelson v. McKinney*, 163 Wash. 529, 1 P. (2d) 876; *Morgan v. J. A. Veness Lbr. Co.*, 108 Wash. 674, 185 Pac. 607.

However, if the deed clearly manifests an intention that the sale or reservation of timber is in perpetuity, then the party who purchases or reserves the timber by such a deed has a perpetual right to remove it. *Hendrickson v. Lyons*, 121 Wash. 632, 209 Pac. 1095; *Healy v. Everett & Cherry Valley Traction Co.*, 78 Wash. 628, 139 Pac. 609; *Skamania Boom Co. v. Youmans*, 64 Wash. 94, 116 Pac. 645.

We recognize that such an intention must be plainly expressed. However, there could be no clearer language than that now before the court. When Deer Park Lumber Company, respondent's predecessor in interest, conveyed title to the land, it reserved the right to cut and remove the timber "at any time that shall be convenient." Language cannot be broader. It is the antithesis of a limitation. The sole possible conclusion is that of reservation of the title to the timber with the perpetual right of removal.

Nor did appellants gain title to the timber through their purchase of the land. The law is clear. Land and timber owned together in fee are realty; the timber is not separate, but is a part of the land. Where, as here, title to the timber is conveyed or reserved distinct from the land, the timber then becomes personal property separate from the land. Respondent's predecessor in interest, Deer Park Lumber Company, then owned the timber as personalty, and paid the personal property taxes thereon. At the time of the tax foreclosure proceeding, the personal property taxes on the

timber, which was then owned separately from the land and. was personal property, were fully paid. The only tax delinquency was on the land, which alone was subject to tax foreclosure. Stevens county acquired the title to the land but never title to the timber. Nothing is clearer than that one may not convey that which he does not own. Therefore, when Stevens county conveyed the land to appellants Davis, the title to the timber, which was then personal property and in separate ownership, did not pass to appellants despite the failure to mention the timber reservation in the county's deed to appellants. Appellants never acquired title to the timber as a result of the land purchase from Stevens county.

Appellants contend that, in any case, they converted the timber to their own use, and that respondent cannot maintain its action because the statute of limitations has run on conversion. This argument is wholly without merit. There are no facts at all from which a conversion of the timber could be found. The same is true of appellants' argument that they acquired the timber by adverse possession. Further, there are no acts shown to sustain the contention that respondent is estopped to assert its title to the timber.

The judgment quieting title to the timber in respondent is affirmed.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.