[No. 32244. Department Two. January 8, 1953.]

H. J. COLEMAN et al., *Respondents*, v. D. M. LAYMAN et al., *Appellants*.[1]

[1]Reported in 252 P. (2d) 244.

G. E. *Clark,* for appellants.

*Brown, Olson & Clarke,* for respondents.

OLSON, J.—This is an action for trespass. Defendants have appealed from a judgment against them, entered upon the verdict of a jury.

The allegations of plaintiffs' complaint which we need relate are that, on and subsequent to July 15, 1951, defendants entered upon plaintiffs' land and, without lawful authority, cut and removed and converted to their own use, certain timber, to plaintiffs' damage.

Defendants answered by admitting that they cut some timber from a portion of the land, and denying the other allegations of the complaint.

At proper times, defendants demurred to plaintiffs' evidence, and moved for dismissal and for a directed verdict in their favor. The court ruled against them in each instance, and submitted the cause to the jury. Defendants' motions for a new trial and for judgment notwithstanding the verdict also were denied.

The evidence showed that, February 4, 1947, defendants purchased from one Matsen the timber growing on all of a certain tract of land in Klickitat county, which we will describe simply as all of section 31, and that they purchased the timber growing on an adjoining tract in section 30 from the same grantor, February 13, 1947; that, on the latter date, the timber on both sections was conveyed to them by one deed, of which only the following provision is material:

"Together with the right to enter in and upon said land and cut and remove therefrom at any time within twenty years from the date hereof the timber hereby conveyed, at which time, or at any earlier date that the said timber is cut and removed, the said premises are to be vacated and left by the second party; and in either event, all timber then remaining thereon, is to revert to and become the property of the first parties, their heirs or assigns, and all rights granted to second party hereunder shall cease and terminate, it being understood that upon the second party beginning to cut and remove said timber, he is to continue steadily with and finish such work as soon as possible."

March 10, 1947, Matsen sold to plaintiffs all of the land described in his deed to defendants, excepting from that conveyance the timber previously conveyed to defendants.

July 17, 1948, defendants sold the timber growing on section 30 to the Klickitat Pine Box Company, and that company logged that property between May 26, 1949, and October 7, 1949.

Between July 15, 1951, and October 15, 1951, defendants removed 342,290 feet of timber from a portion of section 31, and it is the removal of this timber which precipitated this case.

It is plaintiffs' theory that the logging of the timber by the box company on section 30 in 1949, was a "beginning to cut and remove said timber" by defendants; that the quoted provision of the deed required defendants "to continue steadily with and finish such work as soon as possible"; that, because they did not commence to log section 31 until July 15, 1951, or about twenty-one months after the box company finished logging on section 30, they failed to comply with the terms of the deed and the timber reverted to plaintiffs.

Defendants contended throughout the trial that these timber purchases were two transactions involving two separate tracts of land, so that, assuming that the cutting and removal of timber on section 30 by the box company became the acts of defendants, such work was not done on section 31, and, until defendants actually started logging on

the latter tract, they could not be obligated to continue the operation steadily on that tract.

The trial court did not agree with this contention, nor do we. The evidence shows that the property described in the deed is, in fact, one tract of land. A single fence surrounds the entire tract. The timber on it was conveyed to defendants by one deed, which expressed the entire agreement of the parties and determined their title to the timber on the entire tract.

Defendants further contend that the court erroneously construed the deed. It ruled, in effect, that failure of defendants to comply with the provision of the deed requiring continuous logging by defendants, could divest them of title to the timber, and result in its reversion to plaintiffs.

■ Growing timber can be conveyed separately from the land on which it grows. Such a conveyance, with the right to enter upon the land and remove the timber in the future, either within a stated or a reasonable time, is the conveyance of an interest in realty and is properly done by deed. See *Elmonte Inv. Co. v. Schafer Bros. Logging Co.*, 192 Wash. 1, 22, 72 P. (2d) 311 (1937), and cases cited.

■■ The provisions of the deed in question are plain and unambiguous. Their construction presented no question for the jury. *State Bank of Wilbur v. Phillips*, 11 Wn. (2d) 483, 489, 119 P. (2d) 664 (1941). The ordinary meaning of the words used cannot and should not be extended for the purpose of establishing a forefeiture of the grantees' estate, because forfeitures by construction or implication are not favored. *Olympic Manganese Mining Co. v. Downing*, 156 Wash. 686, 689, 287 Pac. 872 (1930). They are sustained only when the contract of the parties shows a clear intention to provide for them. Were there any doubt about the meaning of the words in this deed, it properly would be resolved against the grantor and in favor of the grantees. *Schnitzer v. Panhandle Lbr. Co.*, 14 Wn. (2d) 434, 439, 128 P. (2d) 501 (1942). Nor should a construction be adopted which results in the conclusion that the words in a deed intend a condition for reversion, rather than a covenant, unless that construc-

tion is compelled by the language of the document itself. See *King County v. Hanson Inv. Co.*, 34 Wn. (2d) 112, 119, 208 P. (2d) 113 (1949).

We need not, and do not, decide the exact nature of the estate vested in defendants by the deed in this case. It possibly may be said to have the characteristics of a determinable estate, with a possibility of reverter in plaintiffs, subject to a special limitation, rather than of an estate subject to a condition subsequent. See 1 Restatement, Property, 43, 55, 57, 59, 121, 195, §§ 16, 23, comment d, 24, 44, 56; 2 Restatement, Property, 532, § 154, comments f, g; 1 Simes, Law of Future Interests, 320 *et seq.*, 329, §§ 177 *et seq.*, 181; *King County v. Hanson Inv. Co., supra*, p. 118.

Any estate in the timber passing to defendants by the deed is determinable, and the possibility of reverter or the reversionary interest in plaintiffs depends upon two events, (1) the failure of defendants to cut and remove the timber within twenty years from the date of the deed, or (2) its earlier cutting and removal (a special limitation or condition precedent to the reversion before twenty years). The provision for the continuance of logging steadily by defendants is not a limitation or condition upon which defendants' interest in the timber can revert to plaintiffs. It is a covenant to be performed by defendants.

What, if any, relief plaintiffs may seek or obtain, assuming that defendants have breached this covenant, is not within the issues in this action for trespass. Our inquiry is confined to, and resolved by, a determination of the present ownership of the timber. An estate in that timber was vested in defendants by the deed. They had not been divested of that estate, nor had it reverted to plaintiffs, when this case was brought. Failing to establish their ownership of the timber, plaintiffs cannot recover in this action, and the trial court should have directed a verdict for defendants.

This conclusion makes it unnecessary for us to consider any other assignments of error.

The judgment is reversed, and the cause remanded, with instructions to enter judgment for defendants, notwithstanding the verdict of the jury.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.

February 24, 1953. Petition for rehearing denied.

