Argued November 14, 1968, affirmed February 19, 1969

BROSS, *Respondent, v.* PEYTON ᴇᴛ ᴜx,
*Appellants.*
ZERR ᴇᴛ ᴜx, *Respondents, v.* PEYTON ᴇᴛ ᴜx,
*Appellants.*
450 P. 2d 760

*Gene L. Brown,* Grants Pass, argued the cause for appellants. With him on the brief was R. Gene Smith, Grants Pass.

*Stuart E. Foster,* Medford, argued the cause for respondent Florence S. Bross. *Robert A. Boyer,* Medford, argued the cause for respondents Zerr. With Robert A. Boyer on the brief were Frohnmayer, Lowry & Deatherage, Medford.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, DENECKE and MENGLER, Justices.

SLOAN, J.

The controversy in each of these two cases presents the familiar situation of the amount of timber involved in deeds conveying title to land which contained a reservation of title to certain timber on the land conveyed. In these cases the plaintiffs, Bross in one case and Mr. and Mrs. Zerr in the other, were the grantees in deeds which were executed in 1949. Each deed contained the following reservation:

" 'hereby selling and conveying to grantees all white cedar timber now growing or situated thereon, excepting and reserving however unto grantors, their heirs and assigns, all fir, pine and red cedar timber growing or situated thereon, and reserving unto grantors their heirs and assigns, the perpetual right to enter upon said premises for the purpose of removing such fir, pine and red cedar timber, together with the right to build and maintain roads for removal thereof, doing no unnecessary damage to the premises.' "

Defendants are the owners of the rights reserved.

Plaintiffs, by these declaratory judgment proceedings, seek a declaration that defendants have no fur-

ther rights in the timber on the land conveyed to the respective plaintiffs. Defendants claim the reservations gave them the timber reserved in perpetuity. The parties stipulated that the evidence presented to the court could be considered for both cases. The trial court found for plaintiffs in each case. Defendants appeal.

■ We agree with the trial court that the language of the reservation is ambiguous. Our decisions in *Doherty et ux v. Harris Pine Mills,* 1957, 211 Or 378, 315 P2d 566, and *Arbogast et al v. Pilot Rock Lbr. Co.,* 1959, 215 Or 579, 336 P2d 329, 72 ALR2d 712, firmly fixed the rule in this state that the use of the word "timber" in a deed or contract, without further clarification in the instrument, is ambiguous. The rule is that the word timber, without contractual definition, leaves unanswered the size of the timber involved and the time at which the size is to be determined.

■ The cases cited held that " 'all timber' means all of the timber which, on the date of the contract, was of a size suitable for manufacturing into lumber." *Emerson v. Hood River County et al,* 1960, 223 Or 112, 128, 353 P2d 247, 354 P2d 74. The cited cases also establish that the reservation of a "perpetual right to enter" also relates to and means the time available to remove the timber of the suitable size on the date of the deed.

The trial court found that the size of a tree that was intended to be reserved in 1949 was 18 to 20 inches or more in diameter at breast height. The court also found that, with the exception of a few culls, all of the trees that were of that size in 1949 had already been removed. These factual determinations are not challenged by the appeals. Instead, defendants claim the trial court erred in applying the *Arbogast* case. They

assert that the use of the word "now" in the grant of the white cedar timber and the lack of the use of the same word in the reservation of the fir, pine and red cedar timber indicates an intent that the reservation was in perpetuity. In other words, defendants claim the reservation included timber of any size and that they have the right, as the trees that were small in 1949 grow to usable size, to enter the land in the future and remove them.

■ We agree with the trial court that the *Arbogast* case is not distinguishable and the reservation is limited to the removal of trees of the size above mentioned; and that the perpetual right to go upon the land was limited to the removal of only the trees that met the definition of timber in 1949.

Affirmed.