Argued and submitted December 14, 1992, reversed and remanded March 10, respondent's petition for reconsideration allowed by opinion May 19, 1993
See 120 Or App 435 (1993)

Gordon G. CARLSON,
*Appellant,*

*v.*

RESERVATION RANCH,
a partnership consisting of
Henry Westbrook, III,
and Robert Lane Westbrook, partners,
*Third-Party Plaintiff - Respondent,*

*and*

S. E. COMFORT
and Douglas County Lumber Company,
*Third-Party Defendants.*

(CV 89-0623; CA A72403)

848 P2d 616

Frank R. Alderson, Judge pro tempore. (Motion for Summary Judgment)

Larry O. Gildea, Eugene, argued the cause for appellant. With him on the briefs were Michael N. Warshafsky and Gildea & Facaros, Eugene.

Lann D. Leslie, Eugene, argued the cause for third-party plaintiff - respondent. With him on the brief was Atherly, Butler & Burgott, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals from a judgment upholding the reservation of a timber interest in a deed. Plaintiff assigns error to the trial court's entry of partial summary judgment for defendant Reservation Ranch (defendant)[1] and to the court's holding following trial that the reservation was valid. We reverse, because the court improperly granted partial summary judgment.

This case concerns 466 acres of timberland in Douglas County. The uncontroverted facts are that in 1945, Don Witcher acquired the subject property. In 1949, the Witchers, as husband and wife, conveyed it to Umpqua Plywood Corporation. The deed contained a reservation that provided, in part,

> "reserving, however, unto the grantors all timber now growing or being or which may hereafter be grown, upon said premises, with the right of ingress and egress through said lands for the purpose of logging and removing the same[.]"[2]

Plaintiff purchased the property in 1968.[3] In 1985, defendant Reservation Ranch purchased[4] the reservation expressed in the deed and subsequently began logging on the property. Plaintiff brought this action seeking a declaratory judgment as to the ownership of the timber and for damages for timber trespass. The trial court granted a partial summary judgment for defendant, holding that the reservation included an unlimited interest in all trees in perpetuity. The case went to

---

[1] Reservation Ranch brought a third party complaint against the Douglas County Lumber Company and S.E. Comfort, the president of the company. The court issued an order bifurcating the trial on the third party claim pending the outcome of plaintiff's claims against Reservation Ranch. The trial court entered a final judgment against plaintiff in accordance with ORCP 67B. Defendant's claim against the third party defendants is not on appeal.

[2] The reservation also included a reservation for mineral interests and for the use and occupancy of two houses on the property.

[3] The chain of title indicates that the land was initially sold to Umpqua Plywood Corporation. In 1960, it conveyed the property to certain trustees and, several months later, the trustees conveyed the property to A. J. and Vera Standley. Plaintiff purchased the property from the Standley's in 1968.

[4] In 1958, Don Witcher filed a petition in bankruptcy. In 1962, the bankruptcy trustee conveyed the interest held by the bankruptcy estate to Douglas County Lumber Company. The record does not indicate whether that interest included any interest Mrs. Witcher may have held. In 1985, Douglas County Lumber Company conveyed the interest to defendant.

trial on the issue of whether the reservation was void, and plaintiff argued unsuccessfully that the reservation is as broad as the grant and, if given legal effect, it would result in no interest being conveyed by the grant.

■ ■ A party is entitled to summary judgment if the pleadings, depositions, admissions on file and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. ORCP 47C. On appeal, we view the record in the light most favorable to the party opposing the motion. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). When the terms of the document in question are ambiguous, the meaning of specific terms becomes a question of fact. *Libby Creek Logging, Inc. v. Johnson*, 225 Or 336, 339, 358 P2d 491 (1960). A provision in a document is ambiguous if it has no definite significance and if it is capable of more than one sensible and reasonable interpretation. A provision is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person. *Deerfield Commodities v. Nerco, Inc.*, 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985).

■ Plaintiff first argues that summary judgment was improper because the reservation language "now growing or being or which may hereafter be grown" is ambiguous. He asserts that the language does not expressly state the duration of the reservation. In *Franke v. Welch*, 254 Or 149, 458 P2d 441 (1969), the court considered a timber reservation that included the phrase "growing, grown or to be grown" and held that such language created a perpetual interest in the timber. The court said:

> "That part of the clause which reserves timber 'to be grown' is used in contrast to timber 'growing' or 'grown' and clearly indicates an intent to distinguish between timber in existence at the time of the execution of the deed and timber which was not then in existence but which would germinate and come into existence after the execution of the deed (i.e., trees 'to be grown')." 254 Or at 152.

Here, the phrase "which may * * * be grown" indicates an intent to distinguish between timber in existence at the time of the execution of the deed and timber which was not then in existence but which may come into existence after the execution of the deed. As in *Franke v. Welch, supra*, the language

used in this reservation created a perpetual interest in the timber.[5]

■     Plaintiff also argues that the court erred in granting summary judgment because the phrase "all timber" is ambiguous. Plaintiff argues that the deed reserved timber growing in 1949 and later grown, but only to the extent that the timber was merchantable in 1949. Defendant contends that the term "timber" unambiguously refers to all trees, whether or not merchantable in 1949.[6]

The word "timber" or the phrase "all timber" in a deed or contract, without further clarification in the instrument, is ambiguous. *Bross v. Peyton*, 252 Or 482, 484, 450 P2d 760 (1969); *Ambogast v. Pilot Rock Lbr. Co.*, 215 Or 579, 585, 336 P2d 329 (1959). Here, the deed does not contain any clarification. Defendant argues that the use of the word "all" or the addition of language creating a perpetual interest in the timber sufficiently clarifies the word "timber." We do not agree. That language tells us that "all" timber is being conveyed in perpetuity, but does not tell us what the parties meant by the word "timber." The use of the phrase "all timber," without further clarification in the deed, creates an ambiguity that precludes summary judgment.

Because of our resolution of this case, we do not consider plaintiff's second assignment of error.

Reversed and remanded.

---

[5] Nothing precludes an owner of timberland from conveying or reserving all interest in the timber separate from the land. Such an interest may be held as separately and completely as an interest in the land itself. Moreover, an owner may convey or reserve the perpetual right to remove timber existing at the time of the sale or a perpetual interest in all of the timber that will ever be grown on the land with the concomitant right of removal, if such an intention is clearly manifested. When timber is conveyed and no period of time for its removal is specified, a reasonable time for removal may be implied. *See Franke v. Welch, supra,* 254 Or at 151.

[6] At oral argument, defendant's attorney argued that:

"It is our position that because there's a clear expression of intent to reserve all trees in perpetuity that it's not just limited to merchantable trees. * * * It's not necessary to look at what was merchantable in 1949 because the deed is not limited to that. * * * The deed applies to all trees."