[No. 14654-5-III.    Division Three.    April 30, 1996.]

STEPHEN E. HOGLUND, ET AL., *Appellants*, v. OMAK WOOD PRODUCTS, INC., ET AL., *Respondents*.

*Marlin Hoglund* and *Nora Hoglund,* pro se.

*Michael C. Ormsby, John R. Nelson,* and *Preston Gates & Ellis;* and *Stephen C. Voorhees* (and *Gregory B. Snook and Kilmer, Voorhees & Laurick,* of counsel), for respondents.

SWEENEY, C.J. — We are asked here to decide whether the term "timber" is ambiguous. Reading the contract as a whole, we conclude that it is not. *McKillop v. Crown Zellerbach, Inc.,* 46 Wn. App. 870, 873, 733 P.2d 559, *review denied,* 108 Wn.2d 1015 (1987).

## FACTS

On March 14, 1945, Fred and Verona Lampkin deeded perpetual timber rights to the Biles-Coleman Lumber Company (the Lampkin Deed). On March 2, 1956, Theodore and Marguerite Eberle also deeded timber rights to the Biles-Coleman Lumber Company (the Eberle Deed). Both deeds contain similar language: grantors "convey and warrant to BILES-COLEMAN LUMBER COMPANY

. . . all of the timber of all species upon the following described land . . . together with the perpetual right to remove and use the same . . . ." The Eberle Deed also conveys "all timber that may grow in the future thereon . . . ." Both deeds reserve the use of any fir or tamarack for fencing and other purposes, provided they cut from timber having a stump diameter of 12 inches or less.

Stephen E. Hoglund and his parents, Marlin and Nora Hoglund, (the Hoglunds) are successors in interest to the Lampkin and Eberle properties. Omak Wood Products, Inc., and Crown Pacific Limited Partnership are successors in interest to Biles-Coleman.

The Hoglunds sued Omak Wood and Crown Pacific to quiet title on both pieces of property and for damages and "weed control." Omak Wood and Crown Pacific moved for an order dismissing the claims or, in the alternative, for summary judgment. The Hoglunds also moved for summary judgment. The court concluded that the word "timber" was unambiguous and included all trees existing at the time of the grants. The court also concluded that the Eberle Deed conveyed an interest in trees to grow in the future, but that questions of fact remained as to whether the Lampkin Deed conveyed an interest in future growing trees. It dismissed the Hoglunds' claim for "weed control" and granted partial summary judgment to Omak Wood and Crown Pacific.

The Hoglunds appeal. They claim (1) the deeds' use of the term "timber" is ambiguous, (2) the deeds do not convey any interest in trees not existing at the time of conveyanace, and (3) Omak Wood and Crown Pacific cannot own a fee simple estate in timber separate from the land. Omak Wood says the appeal is frivolous and requests attorney fees.

## DISCUSSION

■ The Hoglunds urge that the term "timber" is ambiguous because it may convey only sawlogs—trees having a diameter greater than 12 inches.

Ambiguity. The question presented is one of law. *Harris v. Ski Park Farms, Inc.*, 62 Wn. App. 371, 375, 814 P.2d 684 (1991), *aff'd*, 120 Wn.2d 727, 844 P.2d 1006 (1993), *cert. denied*, 114 S. Ct. 697 (1994).

When determining the intent of the parties to a deed, we read the deed as a whole, and give the words of conveyance their ordinary meaning. *McKillop*, 46 Wn. App. at 873. If a statement is capable of two or more meanings, it is ambiguous. *See Ladum v. Utility Cartage, Inc.*, 68 Wn.2d 109, 116, 411 P.2d 868 (1966).

In *McKillop*, we addressed the same question presented here.[1] There, the contention was that the deed's use of the term "timber" was ambiguous and should apply to only merchantable timber—trees with a diameter greater than 12 inches. *McKillop*, 46 Wn. App. at 872. The trial court agreed. *McKillop*, 46 Wn. App. at 872. We reversed. *McKillop*, 46 Wn. App. at 873.

The deed in *McKillop reserved* to the grantor " 'all of the timber of all species upon all of the land'. " *McKillop*, 46 Wn. App. at 873. It conveyed only the right to cut timber for fencing and other purposes provided the grantee cut from timber having a stump diameter of 12 inches or less. We concluded that this conveyance would be meaningless if the parties had not intended that " 'all timbers of all species' " be reserved to the grantor. *McKillop*, 46 Wn. App. at 873.

The deeds' language here is the same as *McKillop*. It conveys "all of the timber of all species . . . ." Both deeds also reserve the use of any fir or tamarack with a stump diameter of 12 inches or less; in *McKillop*, it is the grant, here it is the reservation. The deeds' use of the term "timber" is not ambiguous.

The Hoglunds rely on cases which construe timber to mean sawlogs—trees greater than 12 inches in diameter. *See generally* F.D. Puckett, Annotation, *Size and Kind of*

---

[1] The deed in *McKillop* and the Lampkin Deed appear to have the same grantor, Fred Lampkin.

*Trees Contemplated by Contracts or Deeds in Relation to Standing Timber*, 72 A.L.R.2d 727, 731 (1960); *Bross v. Peyton*, 252 Or. 482, 450 P.2d 760, 761 (1969); *Arbogast v. Pilot Rock Lumber Co.*, 215 Or. 579, 336 P.2d 329, 331, 72 A.L.R.2d 712 (1959). We, however, need not rely on a judicial definition when we can determine the parties' intent from the deed. *McKillop*, 46 Wn. App. at 873.

■ Existence of a Timber Estate. The Hoglunds next argue that the court improperly enforced a deed that granted a timber estate separate from the land estate. Land and timber owned together in fee are realty. *Leuthold v. Davis*, 56 Wn.2d 710, 713, 355 P.2d 6 (1960). But a party can convey growing timber separately from the land on which it grows. *Coleman v. Layman*, 41 Wn.2d 753, 756, 252 P.2d 244 (1953). Such a conveyance is the conveyance of an interest in realty and is therefore properly done by deed. *Coleman*, 41 Wn.2d at 756.

The Lampkins and the Eberles deeded perpetual timber rights to the Biles-Coleman Lumber Company. Later transfers of the land did not then include the personal property owned by the Biles-Coleman Lumber Company or its successors in interest. The Hoglunds therefore have never acquired title to the timber. The Lampkins and the Eberles could not convey what they did not own. *Leuthold*, 56 Wn.2d at 714.

The Hoglunds next argue that we should interpret these deeds as granting only a profit a prendre, since allowing separate estates in land and timber is at odds with physical and commonsense realities.[2] The practical effect of this distinction is first of all unclear. But laying that aside, it

---

[2]A profit a prendre is a property right or interest like an estate in land; unlike an estate, it does not give those who hold them the full spectrum of rights known as "possession." It conveys only limited rights to use the owner's land or to take something from it but not to possess it. 17 WILLIAM B. STOEBUCK, WASHINGTON PRACTICE, *Real Estate: Property Law* § 2.1, at 79-80 (1995) (explaining that the fundamental difference is that the right of possession gives the owner the legal right to exclude all persons from all parts of the land, while the holder of a profit a prendre may only prevent other persons from interfering with its limited purpose).

is clear that the Hoglunds' predecessors conveyed timber, including the right to possession, not a profit a prendre.

The Hoglunds rely on *Layman v. Ledgett*, 89 Wn.2d 906, 577 P.2d 970 (1978), and *M. & I. Timber Co. v. Hope Silver-Lead Mines, Inc.*, 91 Idaho 638, 428 P.2d 955 (1967). In each, the court considered the nature of cutting rights and concluded that the interest conveyed was a profit a prendre. *See Layman*, 89 Wn.2d at 911; *M. & I. Timber*, 428 P.2d at 958-59. But both cases also recognized that an owner can perpetually sever timber rights if the intent is clearly expressed. *Layman*, 89 Wn.2d at 909; *M. & I. Timber*, 428 P.2d at 957. These cases are distinguishable from those in which the intent is to grant a fee in the timber itself, and not just cutting rights.

Conveyance of Perpetual Interest in Future Trees. The Hoglunds contend that the Eberle Deed does not convey an interest in trees that may grow in the future. We will not construe a deed to grant more than the existing timber unless the words of conveyance clearly and unambiguously express the intent to include more. *Cushing v. Maine*, 434 A.2d 486, 496 (Me. 1981).

The Eberle Deed conveys "all of the timber of all species upon the following described land . . . together with all timber that may grow in the future thereon and together with the perpetual right to remove and use the same . . . ." It also grants the "perpetual right to enter upon said land for the purpose of thinning, pruning or planting trees or any other stand improvement work it desires to do, excluding all lands not now forested . . . ."

■ The Eberle Deed's conveyance of trees that may grow on the property is unambiguous.[3] It grants a perpetual interest in the trees grown on the property including trees not existing on the date of conveyance. Other courts have found similar language a clear and unambiguous

---

[3]The Hoglunds apparently also contend that the Lampkin Deed does not convey an interest in trees that grow on the property in the future. But the court denied summary judgment because of a material issue of fact on whether the deed included all trees germinating after execution of the deed.

expression of intent to include timber not existing at the time of the grant. *See Herron v. Rozelle*, 480 F.2d 282, 286 (10th Cir. 1973) ("all of such timber that may in the future grow on said premises"); *Baca Land & Cattle Co. v. Savage*, 440 F.2d 867, 871 (10th Cir. 1971) ("all the timber, trees and wood and increment thereof" (emphasis omitted)); *Colleton Mercantile & Mfg. Co. v. Gruber*, 7 F.2d 689, 694 (E.D.S.C. 1925) ("All the pine timber now standing or which may be standing or otherwise, during the term hereinafter named." (emphasis omitted)); *Baxter v. Mattox*, 106 Ga. 344, 32 S.E. 94, 97 (1898) (timber "now upon, or that may hereafter grow upon" the land); *Baker v. Kenney*, 145 Iowa 638, 124 N.W. 901, 905 (1910) (all "timber and growth of timber . . . forever"); *Franke v. Welch*, 254 Or. 149, 458 P.2d 441, 442 (1969) ("all timber growing, grown or to be grown thereon' "); *Carlson v. Reservation Ranch*, 118 Or. App. 512, 848 P.2d 616, 618 (" 'now growing or being or which may hereafter be grown' "), *modified*, 120 Or. App. 435, 852 P.2d 933, *review denied*, 317 Or. 271, 858 P.2d 1313 (1993). The Eberle Deed conveys a perpetual interest in the timber including trees not existing on the conveyance date.

The Hoglunds finally contend that a party cannot legally convey a perpetual interest in timber not in existence on the date of conveyance. They are mistaken. An owner can convey a perpetual interest in trees on a property, including those to be grown. *See Franke*, 458 P.2d at 443. An owner can convey or reserve the perpetual interest in timber to be grown if the intention is clear. *See, e.g., Carlson*, 848 P.2d at 618 n.5; *Franke*, 458 P.2d at 444. A party can also convey the perpetual right to remove timber. *Leuthold*, 56 Wn.2d at 713; *Hendrickson v. Lyons*, 121 Wash. 632, 637, 209 P. 1095 (1922).

■ ■ Attorney Fees. Omak Wood Products contends the appeal is frivolous and requests attorney fees. RAP 18.9(a). Whether an appeal is frivolous depends on the following considerations:

(1) A civil appellant has a right to appeal under RAP 2.2; (2)

all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980). If an appeal presents an arguably meritorious issue, it is not frivolous. *Rhinehart v. Seattle Times, Inc.*, 59 Wn. App. 332, 342, 798 P.2d 1155 (1990), *review denied*, 124 Wn.2d. 1010 *and cert. denied*, 115 S. Ct. 578, 130 L. Ed. 2d 494, (1994).

The questions presented here have not been resolved in Washington. The appeal is not frivolous.

The decision of the trial court is affirmed.

SCHULTHEIS, A.C.J., and THOMPSON, J., concur.

Reconsideration denied June 7, 1996.

Review denied at 130 Wn.2d 1018 (1996).