[No. 28979-6-III.   Division Three.   July 26, 2011.]

ALAN KELLY ET AL., *Plaintiffs*, v. AMMEX TAX AND DUTY FREE SHOPS WEST, INC., *Appellant*, NORMAN G. JENSEN, INC., *Respondent.*

---

*David M. Schoeggl* and *Stephania C. Denton* (of *Mills Meyers Swartling*), for appellant.

*J. Patrick Aylward* and *J. Kevin Bromiley* (of *Jeffers Danielson Sonn & Aylward PS*), for respondent.

¶1 SWEENEY, J. — A right of first offer gives the grantee of that right the right to buy property before it is offered for sale to third parties. A right of first offer is different from a right of first refusal. A right of first refusal gives the grantee the right to meet an offer made by a third party, before the landowner is free to sell the property to that third party. The respondent landowner here offered to sell a portion of the subject property to the grantee but only after it had first offered the property to third parties and had received an offer to purchase the property. We conclude that this violated the grantee's right of first offer and the landowner was not therefore entitled to judgment as a matter of law. We reverse and remand for trial.

FACTS

¶2 In April 1992, Norman G. Jensen Inc. agreed that it would offer a parcel of land in Oroville, Washington, to Ammex Tax & Duty Free Shops West Inc. before it would offer to sell it to third parties. Their agreement was called a "Deed of Restrictive Covenant with Right of First Refusal" and was part of a sale of real property from Ammex to Jensen.

¶3 The deed restricted Jensen from selling goods normally sold in duty free stores and from obtaining additional financing for the property. And it gave Ammex the option of purchasing the property if Jensen decided to sell within 20 years of signing:

> If [Jensen] shall desire to sell the premises, [Ammex] shall have the single, non-recurring right ("Right of First Offer") to have [Jensen] submit written notice ("Sale Notice") to [Ammex] of the desire to sell, which Sale Notice shall be deemed an offer of the premises to [Ammex] and shall be submitted to [Ammex] before [Jensen] enters into negotiations with any independent third party.

Clerk's Papers (CP) at 30-31.

¶4 The deed required Jensen to give Ammex written notice of the sale price it was considering before offering the property to others. Ammex then had 30 days to exercise the option and provide a check for 10 percent of the offered sale price. If Ammex accepted the offer, the deed required Jensen to submit a contract of sale. Ammex then had 15 days to execute and return the contract. If Ammex declined the offer, the deed permitted Jensen to market the premises "or any portions or portion thereof" for 180 days. CP at 32. Jensen could not lower the asking price or offer potential buyers any better terms or conditions during the 180-day time. If the premises did not sell during the 180 days, Jensen could then repeat the process by offering a lower price to Ammex.

¶5 In 2006, Jensen subdivided the property into two lots. Jensen designated the eastern part of the property as "Lot 1," which it planned to sell for single family residential use, and the western part as "Lot 2," which it planned to retain for commercial use. Jensen then negotiated the sale of Lot 1 to third parties in November 2006 for $420,000. On May 8, 2007, Jensen sent a "Sale Notice" letter to Ammex. The letter informed Ammex that Jensen had subdivided the property, and that it was offering to sell Lot 1 to Ammex for $430,000. Ammex was given 30 days (until June 7, 2007) to respond to the offer. Jensen extended the time for Ammex to respond to the offer until June 22, 2007.

¶6 On July 12, 2007, Ammex e-mailed a request to Jensen for more information regarding the purchase and sale conditions and asked that Jensen respond by 11:00 a.m. the next day. Jensen sent the information on July 13, 2007. Ammex then sent an e-mail captioned "URGENT NOTICE," attempting to exercise the option to purchase Lot 1. CP at 67. Ammex did not send a 10 percent deposit check. Jensen did not respond and, instead, sold the property to Alan and Margaret Kelly and Glenn and Pamela Toppings.

¶7 In December 2008, the Kellys and the Toppings sued Ammex to quiet title and reform their deed on Lot 1. Ammex answered and filed a third party complaint against Jensen. Ammex alleged that Jensen breached the terms of the 1992 deed, failed to sell Lot 1 according to the terms of the deed, and breached its duty of good faith and fair dealing. The parties apparently agreed to quiet title to Lot 1 in the Kellys and the Toppings and they dismissed their suit against Ammex. The case then proceeded on Ammex's damage claim against Jensen.

¶8 In December 2009, Jensen moved for summary judgment. It argued that the provision in the deed granting Ammex a "Right of First Offer" is meaningless and essentially void because it did not provide the price and other relevant terms. Jensen argued in the alternative that even if the option was valid, Ammex failed to properly exercise it within the time specified or the manner provided. The trial

court granted the motion and dismissed all of Ammex's claims.

## DISCUSSION

■ ¶9 We review the grant of a motion for summary judgment de novo. *Wash. State Grange v. Brandt*, 136 Wn. App. 138, 145, 148 P.3d 1069 (2006). And we review those facts in a light most favorable to the party against whom the judgment was entered. *Mastro v. Kumakichi Corp.*, 90 Wn. App. 157, 162, 951 P.2d 817 (1998). Here, we try to determine the intent of these parties to this deed. To do so we read the "deed as a whole, and give the words of conveyance their ordinary meaning." *Hoglund v. Omak Wood Prods., Inc.*, 81 Wn. App. 501, 504, 914 P.2d 1197 (1996).

RIGHT OF FIRST OFFER

■ ■ ¶10 The rights Jensen granted to Ammex are preemptive rights. *Bill Signs Trucking, LLC v. Signs Family Ltd. P'ship*, 157 Cal. App. 4th 1515, 1522-23, 69 Cal. Rptr. 3d 589 (2007). That is, Jensen gave Ammex the right to the first opportunity to buy this property if and when Jensen decided to sell. *Id.* Here, the language in the deed uses the title "Right of First Refusal" but the actual option clause uses the term and describes a "Right of First Offer." CP at 30-31.

¶11 The deed granted Ammex the right to have Jensen submit a notice of its desire to sell, and that notice was to be "deemed an offer of the premises to [Ammex]." CP at 31. The "premises" is described as the entire property, undivided. CP at 35. The agreement permitted Jensen to "sell the premises, or any portions or portion thereof" after first offering the entire premises to Ammex. CP at 32. This is a right of first offer, not a right of first refusal.

¶12 A preemptive right to purchase real estate can take the form of either a "right of first refusal" or a "right of first offer." *Bill Signs Trucking*, 157 Cal. App. 4th at 1522-23.

Obviously, in either, the landowner has decided to sell the property. But the way in which the landowner goes about selling the property is dictated by the form that preemptive right takes.

¶13 The right of first refusal requires the landowner to first get an offer to purchase from a third party, that the seller is willing to accept. *Id.* at 1523. The seller must then offer the property to the grantee of the right of first refusal, who then has the option to match the offer or refuse to match the offer and decline to purchase the property. *Id.* A right of first refusal does not become an option to purchase until the owner of the property voluntarily decides to sell the property and receives a bona fide offer to purchase from a third party. *Bennett Veneer Factors, Inc. v. Brewer*, 73 Wn.2d 849, 856, 441 P.2d 128 (1968).

¶14 The right of first offer, on the other hand, does not require the landowner to go out and get an offer before offering it to the grantee. *Bill Signs Trucking*, 157 Cal. App. 4th at 1523. Instead, the landowner first offers the property to the holder of the right of first offer. *Id.* And then, if that grantee does not accept the offer, the landowner is free to sell the property to third parties. The landowner must, of course, sell or offer to sell to third parties at the same price and on the same terms and conditions at which the property was offered to the grantee of the right of first offer. *Id.* at 1522-23.

¶15 Ammex contends that Jensen breached the deed when it offered to sell only Lot 1 to Ammex and not the entire "premises" as Jensen agreed to in the deed. We focus in this state on the objective manifestations of the parties (what they actually wrote) rather than their "unexpressed subjective intent" and we give those words their ordinary, usual, and popular meaning. *Paradiso v. Drake*, 135 Wn. App. 329, 336, 143 P.3d 859 (2006).

¶16 The agreement here grants Ammex the right to have Jensen submit a notice of its desire to sell, and that notice was to be "deemed an offer of the premises to [Ammex]." CP at 30-31. Again, the "premises" is described

as the entire undivided property. CP at 35. Ammex agrees Jensen could subdivide the property but argues that any initial sale offer had to include the entire property. The agreement permitted Jensen to "sell the premises, or any portions or portion thereof" after first offering the entire premises to Ammex. CP at 32. Ammex had the right and Jensen had the obligation, then, to an offer to sell the entire property, "the premises," before it was offered to others. Jensen offered only the sale of Lot 1 in both the 2006 purchase and sale agreement and the later 2007 sale notice.

¶17 Ammex contends that Jensen breached covenants in this deed by negotiating the sale with a third party before offering it to Ammex. Ammex also argues that the offer to the third party was for $420,000 whereas the offer to Ammex was for $430,000, and that this also violated the terms of the deed.

¶18 Again, the language in the deed uses the title "Right of First Refusal" but the actual option clause uses the term "Right of First Offer." CP at 30. Our focus here is on the objective manifestations of the parties and the ordinary language of the agreement. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503-04, 115 P.3d 262 (2005). The important language is:

### RIGHT OF FIRST REFUSAL

If [Jensen] shall desire to sell the premises, [Ammex] shall have the single, non-recurring right ("Right of First Offer") to have [Jensen] submit written notice ("Sale Notice") to [Ammex] of the desire to sell, which Sale Notice shall be deemed an offer of the premises to [Ammex] and shall be submitted to [Ammex] before [Jensen] enters into negotiations with any independent third party.

CP at 30-31.

¶19 The language of this agreement then provides that Jensen had to offer the property to Ammex before trying to sell it to third parties. Jensen failed to do so. The 2006 purchase and sale agreement was signed five months

before the property was offered to Ammex. The parties also dispute the offering price. Ammex claims the offer to them was at $430,000 while the offer to the third party was $420,000. *Compare* CP at 10-15, *with* CP at 36.

¶20 Ammex contracted for a process here. Jensen could not then by the terms of this deed test the market and solicit offers until it first offered the property to Ammex. Only if Ammex rejected the offer was Jensen then free to turn to others. The agreement also addressed the contingency that the property would not sell. If the property did not sell within 180 days, then Jensen could lower the price but, again, consistent with a right of first offer, only after first offering the property to Ammex. And this process could repeat until the property was sold.

¶21 Issues of fact remain that preclude summary judgment. We therefore reverse the summary dismissal of Ammex's claims and remand for trial.

BROWN and SIDDOWAY, JJ., concur.

Reconsideration denied September 12, 2011.

Review denied at 173 Wn.2d 1014 (2012).