IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a CHAMPION MORTGAGE COMPANY, | ) ) ) | No. 36183-7-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| DANNY R. SCHULTZ; STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY; SECRETARY OF HOUSING AND URBAN DEVELOPMENT; DOES 1-10 INCLUSIVE; UNKNOWN OCCUPANTS OF THE SUBJECT REAL PROPERTY; PARTIES CLAIMING A RIGHT TO POSSESSION OF THE SUBJECT PROPERTY; ALL OTHER UNKNOWN PERSONS OR PARTIES CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants, | ) ) | |
| PATRICIA J. SMALL; MARGARET A. DUKE, | ) ) ) | |
| Respondents. | ) | |

PENNELL, J. — Nationstar Mortgage LLC doing business as Champion Mortgage

Co. (Nationstar) appeals a summary judgment order dismissing its claims and denying its

request for a trial and introduction of extrinsic evidence as to the proper construction of a

real property deed. We affirm.

## BACKGROUND

The deed at issue in this case reads as follows:

**SURVIVORSHIP CONVEYANCE DEED**

THE GRANTOR, DANNY R. SCHULTZ, a single person, for and in consideration of love and affection, grants and conveys to PATRICIA J. SMALL, a married person as her separate estate, and MARGARET A. DUKE, a single person, a complete and unlimited right of survivorship jointly between them, in all of his interest in the following described real estate, situated in the County of Yakima, State of Washington:

**Lot 62, Carriage Square, Yakima County, Washington.**

**ASSESSOR'S PARCEL NO. 230923-33461**

TOGETHER WITH all water rights and appurtenances including after acquired title, if any, thereunto belonging.

SUBJECT TO rights reserved in federal patents, state or railroad deeds; building or use restrictions general to the area; zoning regulations; all rights of way, easements, reservations, restrictions, agreements, covenants and conditions appearing in the record of title or apparent on inspection of said premises and/or plat.

**The rights of Grantees hereunder shall be superior to all interests created by Grantor hereafter, or imposed by law hereafter, if any.**

Grantor hereby warrants and agrees to defend Grantee against any defects appearing in title to said real estate to the extent that such defects

are insured against under a title insurance policy for said real estate where the Grantor is a named Insured.

The Grantor, for it and its successors in interests, does by these presents expressly limit the covenants of this deed to those herein expressed, and excludes all covenants arising or to arise by statutory or other implication.

DATED this 19th day of November, 2009.

s/ Danny R. Schultz_____
DANNY R. SCHULTZ

Clerk's Papers (CP) at 62-63 (boldface in original).

Approximately one year after the survivorship conveyance deed (Deed) was signed,[1] the grantor, Danny Schultz, entered into a reverse mortgage loan agreement utilizing the previously-deeded property as security and assigned the lender a deed of trust.

Mr. Schultz ultimately defaulted on that loan and Nationstar initiated foreclosure proceedings in Yakima County Superior Court. Mr. Schultz and the grantees of the Deed (Patricia Small and Margaret Duke) were named as defendants in the foreclosure action. Ms. Small and Ms. Duke answered Nationstar's complaint and asserted a counterclaim against Nationstar, claiming they held interests in the property superior to Nationstar. They also filed a cross claim against Mr. Schultz to quiet title in their favor.

---

[1] Patricia Small and Margaret Duke recorded the Deed in January 2010.

3

Ms. Small and Ms. Duke then moved for summary judgment. They argued the Deed conveyed the property to them in fee simple absolute as joint tenants, meaning Mr. Schultz could not have had an interest to encumber when he sought his loan. In opposing summary judgment, Nationstar claimed the Deed was ambiguous and argued the matter should be resolved at trial using extrinsic evidence to properly construe the Deed.

The superior court granted summary judgment in favor of Ms. Small and Ms. Duke. It determined the Deed was not ambiguous, and that neither a trial nor extrinsic evidence was necessary to construe it. But the court did not find the Deed conveyed the property to Ms. Small and Ms. Duke in fee simple. The court held the plain meaning granted Mr. Schultz a life estate in the deeded property and conveyed the remainder to Ms. Small and Ms. Duke. That ruling meant Nationstar could seek foreclosure only on Mr. Schultz's life estate, not the entire property.

Nationstar appeals the superior court's summary judgment order. Ms. Small and Ms. Duke have not cross appealed any portion of the order.

## ANALYSIS

When construing a deed, "our principal aim is to effect and enforce the intent of the parties." *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 156 Wn.2d 253, 262, 126 P.3d 16 (2006). While intent is a factual question, our case

law disfavors resorting to extrinsic evidence to discern intent. *See Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 68-69, 277 P.3d 18 (2012) (noting Washington Supreme Court has declined to use extrinsic evidence for unambiguous deeds outside the context of railroad right-of-way disputes). If a deed's language is unambiguous in light of relevant case law, intent must be derived solely from the four corners of the written document. *Hanson Indus., Inc. v. Spokane County*, 114 Wn. App. 523, 527, 58 P.3d 910 (2002). We review de novo whether a deed is ambiguous. *See Hoglund v. Omak Wood Prods., Inc.*, 81 Wn. App. 501, 504, 914 P.2d 1197 (1996); *Newport Yacht*, 168 Wn.2d at 64. If a deed is not ambiguous, and therefore not interpreted through extrinsic evidence, our assessment of the parties' intent is also de novo. *See 4518 W. 256th LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 435, 382 P.3d 1 (2016).

Nationstar claims the Deed issued by Mr. Schultz to Ms. Small and Ms. Duke was ambiguous. According to Nationstar, the use of the word "them" in the first paragraph of the Deed, CP at 62, could refer to: (1) Ms. Small and Ms. Duke, or (2) Mr. Schultz, Ms. Small and Ms. Duke. In the first circumstance, Mr. Schultz would have retained no interest in the property and, therefore, he was unable to encumber the property through a subsequent deed of trust. But in the second, Mr. Schultz would have retained a

5

joint tenancy with Ms. Small and Ms. Duke. Under such circumstances, Nationstar would be able to proceed with foreclosure against Mr. Schultz's interest.

We disagree with Nationstar's assertion of ambiguity. The Deed identifies Mr. Schultz as the sole "Grantor." *Id*. The operative language then states the Deed conveys "*all* of *his*" interest in the subject property. *Id*. (emphasis added). Mr. Schultz is the only male party to the transaction. The Deed's remaining language distinguishes between the rights of the "Grantees" and those of the "Grantor." *Id*. at 62-63. The sum total of the language used makes clear the parties did not intend Mr. Schultz to stand on equal footing as Ms. Small and Ms. Duke. The word "them" very clearly refers only to Ms. Small and Ms. Duke. Given this unmistakable reference, the Deed can only be read as conveying all of Mr. Schultz's property interests to Ms. Small and Ms. Duke.[2]

Nationstar nevertheless argues that because the Deed includes a clause stating "[t]he rights of Grantees hereunder shall be superior to all interests created by Grantor hereafter, or imposed by law hereafter, if any," CP at 62 (boldface omitted), the Deed must be read in a manner that retains a property interest for Mr. Schultz. This position is

---

[2] Even if the Deed were ambiguous, the extrinsic evidence identified by Nationstar would not be helpful in construing the Deed. Extrinsic evidence is relevant only to discern the meaning of terms used in a deed. It is not relevant to determine unstated intent. *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 697, 974 P.2d 836 (1999) ("Extrinsic evidence is to be used to illuminate what was written, not what was intended to be written.").

6

akin to arguing the tail wags the dog. Whatever was meant by the aforementioned sentence, it was not a central component of the Deed. The sentence appears to convey some sort of warranty,[3] the intent of which need not be resolved by this court. Regardless of the sentence's meaning, it does not undermine the Deed's clear statement that Mr. Schultz had conveyed all his interest in the property to Ms. Small and Ms. Duke. We strive to give effect to every word used in a deed where "reasonably possible." *Hodgins v. State*, 9 Wn. App. 486, 492, 513 P.2d 304 (1973). It is not reasonably possible to read this specific sentence as a limitation on Mr. Schultz's conveyance. This is particularly true in light of the rule that deeds are to be construed against the grantor. *Newport Yacht*, 168 Wn. App. at 65-66.

Our assessment of the type of conveyance effected by the Deed is at odds with that of the superior court, which held that the Deed created a life estate. We disagree the Deed can fairly be read in this manner. The use of the word "survivorship," CP at 62, describes the relationship of the grantees, Ms. Small and Ms. Duke, as joint tenants with the right of survivorship. It does not convey an intent to reserve an interest in the property for Mr. Schultz for the remainder of his life.

While we do not read the Deed as creating a life estate, Ms. Small and Ms. Duke

---

[3] Perhaps Ms. Small and Ms. Duke were prescient and the sentence warranted that Mr. Schultz would not try to illegally mortgage the property.

7

have not cross appealed the superior court's summary judgment order construing the Deed as such. Only Nationstar has appealed the superior court's order. Ms. Small and Ms. Duke represent that, despite their criticisms of the superior court's ruling, they are satisfied with the judgment granting them the remainder of Mr. Schultz's life estate. Though we disagree with the superior court's interpretation, we do not grant Ms. Small and Ms. Duke greater relief than they received in the superior court because they have not cross appealed the decision. Because the life estate construction is more favorable to Nationstar than the alternative of a fee simple with joint tenancy to Ms. Small and Ms. Duke, the equitable resolution of this case is to affirm the superior court's order finding Mr. Schultz retained a life estate and conveyed the remainder to Ms. Small and Ms. Duke.

CONCLUSION

The superior court's order granting summary judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                    Fearing, J.

8